**SO ORDERED.**

**SIGNED this 09 day of October, 2008.**



_____
**A. Thomas Small
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **EARL WINFIELD TEWKSBURY** | **08-03602-8-ATS** |
| **AMY MARIE FERLO-TEWKSBURY** | |
| DEBTORS | |

### ORDER DENYING OBJECTION TO EXEMPTIONS

The matter before the court is the chapter 13 trustee's objection to the debtors' exemptions. A hearing took place in Raleigh, North Carolina on October 7, 2008.

Earl Winfield Tewksbury and Amy Marie Ferlo-Tewksbury filed a joint petition for relief under chapter 13 of the Bankruptcy Code on May 29, 2008. On their Local Form Two, Schedule C-1, Claim of Exemptions, the debtors showed that they have only $100 in equity in the property, and they claimed $100 of value in their residence as exempt.[1] Below the exemption, the debtors included the following language:

> Debtors exempt their entire interest in this asset despite the lack of equity. Should the trustee or any other party in interest believe that the property can be sold in such a a fashion to generate any funds for unsecured creditors, that party should timely object to the valuation of the property and the right to exempt the property from the estate within 30 days of the conclusion of the 341 creditors meeting.

---

[1] The parties agreed at the hearing that the debtors really have only about $10 in equity in the property.

The trustee objects to this language, contending that he should not be bound by the debtors' declaration that they are exempting their entire interest in the property. The trustee maintains that the debtors should be limited to the statutory maximum allowable exemption, so that if it is later determined that the property has a far greater value, that value can be utilized for the benefit of the estate.

The debtors rely on this court's opinion in In re Thennes, Case No. 03-04271-5-ATS (Bankr. E.D.N.C. Oct. 7, 2004), in which the court allowed the debtor's exemption in his residence where the debtor had no equity and listed the "value of the real estate claimed as exempt" as $0.00. In that case, after the time to object to exemptions had passed, the chapter 7 trustee questioned the value of the property and sought to sell the residence. The court held that "in circumstances in which there is no equity in a particular piece of property, the appropriate value of an exemption in that property is $0.00." Had the debtor "listed the value of property claimed as exempt as anything other than $0.00, he would have been exempting equity that did not exist," to the possible detriment of other available exemptions. The court found that the debtor had claimed an exemption in his interest in the residence, a particular piece of property, the value of which did not exceed the value of the encumbrances on the property, and, in the circumstances of that case, the trustee was required to object to the value of the residence (which also dictated the dollar amount of the value of the exemption) prior to the expiration of the time to object to exemptions.

The chapter 13 trustee contends that the result should be different in chapter 13, because exemptions are used in chapter 13 to determine whether the debtors have satisfied the liquidation test. The chapter 13 trustee does not wish to be precluded from seeking a greater plan payment should the debtors later sell their residence for more than the scheduled value and recoup more than

2

the amount allowed under the applicable exemption law. The debtors, on the other hand, maintain that during the course of a chapter 13 case, debtors will pay down the balance of the mortgage, and property may appreciate in value. The debtors contend that they are entitled to certainty as to what their chapter 13 plan requires.

Exemptions are to be determined as of the petition date, and unless the trustee objects to the debtors' value before the time expires, the exemption claim is allowed and will not be affected by mortgage payments or an appreciation in value.

The court agrees with the debtors. As in <u>Thennes</u>, the debtors claimed an exemption in a piece of property, their residence, in which the value of the property did not exceed the encumbrances by more than $10-$100. If the trustee believes that there is more equity in the property such that the debtors would be required to pay more into their chapter 13 plan to satisfy the liquidation test, then the trustee should object to the exemption within the time allotted by the Code and Rules.

The trustee also objected to an exemption claimed for tools of the trade, but at the hearing he acknowledged that Ms. Ferlo-Tewksbury is entitled to the exemption.

Based on the foregoing, the trustee's objection is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**